IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02410-BNB

CHRISTOPHER M. BASS,

    Plaintiff,

v.

OFFICE OF THE DISTRICT ATTORNEY,
COLORADO SPRINGS POLICE DEPARTMENT,
HIEN NGUYEN,
JOHN DOE OFFICERS TEU SQUAD 1 AND 2,
OFFICER LANEY,
DETECTIVE LAURA COCHRAN,
DETECTIVE DONYA DAVIS, and
DISTRICT ATTORNEY JOHN DOE 1 AND 2,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 28 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Christopher M. Bass is confined at the El Paso County Detention Facility in Colorado Springs, Colorado. Mr. Bass has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. The court must construe the complaint liberally because Mr. Bass is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Bass will be ordered to file an amended complaint.

The court has reviewed the complaint filed by Mr. Bass and finds that the complaint does not comply with the pleading requirements of Rule 8 of the Federal

Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Bass fails to set forth a short and plain statement of his claims showing that he is entitled to relief. It is clear that Mr. Bass believes there was no probable cause to obtain a warrant to search his home when he was arrested. It also is clear that Mr. Bass believes that the state court has set bail in his criminal case at an excessive amount. It is not clear what specific claims for relief Mr. Bass is asserting or what specific actions of the Defendants allegedly violated his constitutional rights. It is not even clear who all of the Defendants are because Mr. Bass has not completed the

complaint form as directed. Therefore, Mr. Bass will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. Mr. Bass is reminded that it is his responsibility to present his claims in a manageable format that allows the court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Bass may not simply provide a narrative of certain events and expect the court and Defendants to determine what claims he may be raising.

Mr. Bass also is advised that he must allege specific facts in his amended complaint that demonstrate how each named Defendant personally participated in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Bass must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). Accordingly, it is

ORDERED that Mr. Bass file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Bass, together with

a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Bass fails to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED December 28, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02410-BNB

Christopher M. Bass
Prisoner No. A00183565
CJC El Paso County Det. Facility
2739 E. Las Vegas St.
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on  12-25-06

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk