IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02410-WYD-MEH

CHRISTOPHER BASS,

    Plaintiff;

v.

OFFICE OF THE DISTRICT ATTORNEY,
COLORADO SPRINGS POLICE DEPARTMENT,
HIEN NGUYEN,
JOHN DOE OFFICERS TEU SQUAD 1 AND 2,
OFFICER LANEY,
DETECTIVE LAURA COCHRAN,
DETECTIVE DONYA DAVIS, and
DISTRICT ATTORNEY JOHN DOE 1 AND 2,

    Defendants.

## RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS

Several Defendants have moved to dismiss (Docket ##30 & 34) Plaintiff's Amended Complaint under various theories. The motions are fully briefed and have been referred to this Court for recommendation. The Court recommends that Docket #30 be **granted** and Docket #34 be **denied without prejudice**.

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file

written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## I. FACTUAL BACKGROUND

In Plaintiff's most current Amended Complaint filed January 18, 2007 (Docket #10), he allegations a violation of 42 U.S.C. § 1983 against the various Defendants. The facts he alleges are as follows:

1. On October 18, 2006, at 1910 Dublin Blvd, Donya Davis, a Colorado Springs police officer, entered Plaintiff's home in execution of a search warrant.

2. Davis did not have probable cause for the search.

3. Davis did not show Plaintiff a search warrant.

4. Laura Cochran, a police detective, participated in the search.

5. Cochran executed on Plaintiff an arrest warrant which was supported by statements she knew to be false.

6. Defendant Colorado Springs Police Department approved of Davis' and Cochran's actions.

7. Defendant El Paso County District Attorney's Office was grossly negligent in training its attorneys.

8. John Doe 1, John Doe 2, and an Officer Laney were active participants in the search and arrest.

9. After Plaintiff was arrested, Defendant Nguyen entered a storage area that Nguyen had allowed Plaintiff to use and, later in the day on October 18, 2006, rented Plaintiff's apartment to someone else.

10. District Attorneys John Doe 1 and 2 were active participants in the violations of Plaintiff's constitutional rights.

The Court has determined that Plaintiff was acquitted of the charges associated with the October

2006 arrest. Plaintiff alleges malicious prosecution, "official misconduct," "accessory to commit reckless endangerment," and a deprivation of his rights to be free from unreasonable search and seizure and excessive bail. His prayer requests $5 million in general damages and $5 million in punitive damages.

## II. LEGAL ANALYSIS

A.    <u>District Attorney Defendants</u>

The El Paso County District Attorney Defendants seek dismissal based on absolute and qualified immunity, among other grounds. It is clear that Defendants assistant district attorneys (John Doe 1 & 2) and the El Paso County District Attorney's Office are "absolutely immune from suit under section 1983 concerning activities 'intimately associated with the judicial . . . process,' such as initiating and pursuing criminal prosecutions." *Collins v. Johnson County, KS*, 56 Fed. Appx. 852, 854-55 (10th Cir. Dec. 16, 2002) (quoting *Pfeiffer v. Hartford Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991)); *see Genzler v. Longanbach*, 410 F.3d 630, 644 (9th Cir. 2005) (like prosecuting attorneys, supervisory district attorneys are entitled to absolute immunity for activities closely related to prosecutorial decisions). Plaintiff's allegations concerning the District Attorney's Office, to the extent the Court understands them, focus on activity centered around initiating and pursuing the criminal charges against Plaintiff. These Defendants are absolutely immune from damages and, therefore, the Court need not consider the other grounds for dismissal raised by these Defendants. Thus, Docket #30 should be granted.

B.    <u>Defendant Colorado Springs Police Department</u>

In his Complaint, Plaintiff names as a defendant the Police Department for the City of Colorado Springs, Colorado  As argued by the Police Department in its Motion to Dismiss, it is a department of the City of Colorado Springs. Therefore, it is most likely created by ordinance, and not a separate or distinct entity from the City. *See, generally*, Colo.Rev.Stat. § 31-30-101.

Accordingly, Plaintiff's claims against the Police Department are really claims against the City of Colorado Springs. *See Boren by and through Boren v. City of Colorado Springs*, 624 F.Supp. 474, 479 (D.Colo. 1985) (city police department "is merely a vehicle through which the government fulfills its policing functions and is not a proper defendant.").

In addition, the Court notes that Plaintiff included certain alleged "defendants" in the caption and text of his Amended Complaint (Jhon [sic] Doe Officers Teu Squad 1 and 2, Officer Laney, Detective Laura Cochran, Detective Donya Davis, and District Attorney "Jhon [sic] Doe 1 and 2"), but he did not include them in the "Parties" section of the form Prisoner Complaint. The Tenth Circuit has stated that naming the correct party and more clearly identifying the named defendants are corrections that this Court should allow through further amendment of the complaint. *E.g., Thorman v. Bernalillo County*, 242 F.3d 390 (Table), 2000 WL 1730890 (10th Cir. Nov. 22, 2000).

Accordingly, the Motion to Dismiss should be granted with regard to Defendant Colorado Springs Police Department. Additionally, leave should be given to the Plaintiff to amend his complaint within 20 days of the date the District Court's Order on this Recommendation to better identify the defendants he intends to name in this action. In filing such an amended pleading, the Plaintiff should keep in mind the dismissal of the District Attorney Defendants as recommended above.

### III. CONCLUSION

Based on the foregoing, it is hereby **recommended** as follows:

1. District Attorney Defendants' Motion to Dismiss Prisoner Complaint [Filed March 19, 2007; Docket #30] be **granted** on grounds of absolute immunity and **denied** as moot on all other grounds, resulting in this action being dismissed in its entirety, and with prejudice, as against named Defendants Office of the District Attorney for the Fourth Judicial District of Colorado and District Attorneys John Doe 1 and 2.

2. The Motion to Dismiss on Behalf of the Colorado Springs' Police Department [Filed March 22, 2007; Docket #34] be **granted**, resulting in the dismissal, with prejudice, of this action against Defendant Colorado Springs Police Department.

3. The Plaintiff be allowed to file a Third Amended Complaint which more clearly identifies the Defendants he wishes to bring this lawsuit against within 20 days of the date of the District Court's Order on this Recommendation.

Dated at Denver, Colorado, this 11th day of May, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge