IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02410-WYD-MEH

CHRISTOPHER BASS,

    Plaintiff,

v.

OFFICE OF THE DISTRICT ATTORNEY,
COLORADO SPRINGS POLICE DEPARTMENT,
HIEN NGUYEN,
JOHN DOE OFFICERS TEU SQUAD 1 AND 2,
OFFICER LANEY,
DETECTIVE LAURA COCHRAN,
DETECTIVE DONYA DAVIS, and
DISTRICT ATTORNEY JOHN DOE 1 AND 2,

    Defendants.

## RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Before the Court is Plaintiff's Motion for Default Judgment [Docket #59]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matters has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **deny** Plaintiff's Motion.

**I.**    **Facts**

Plaintiff filed this Motion for Default Judgment after counsel for Defendants Officer Laney, Laura Cochran, Donya Davis, and the Colorado Springs Police Department failed to appear at a status/scheduling conference. Plaintiff argues that this failure constitutes default and that default judgment is now appropriate. In response, Defendants Officer Laney, Laura Cochran, and Donya Davis state that they filed an Answer to Plaintiff's Complaint on March 22, 2007. Defendant

Colorado Springs Police Department argues that it filed a Motion to Dismiss on March 22, 2007. Counsel for these Defendants further argues that he did appear at the conference, although late, after Plaintiff appearing by phone was released from the conference. Finally, Defendants contend that Plaintiff failed to notify them of the conference, as required by this Court's Order dated February 20, 2007.

**II.     Discussion**

A party seeking default judgment must first request an entry of default judgment from the Clerk of the Court. Fed. R. Civ. P. 55(a). This entry of default is a prerequisite to seeking a default judgment under Fed. R. Civ. P. 55(b). *Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp.2d 2, 9 (D.D.C. 2004). Even after the proper procedure is followed, default judgment should be entered only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a). Default judgment is a harsh sanction intended to punish parties who exhibit a "callous disregard of their responsibilities" and should be entered only on a showing that a party willfully failed to comply with the Court's orders. *See Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 640-43 (1976). Such callousness is required because the Federal Rules of Civil Procedure "generally embody an effort to ensure that courts decide cases based on the strength of the adversaries' arguments rather than on the skillful use of technicalities." *Canady*, 307 F. Supp.2d at 9.

Here, Plaintiff has not followed the requirements of Fed. R. Civ. P. 55(a) by first seeking an entry of default judgment from the Clerk of the Court. More importantly, Defendants have not failed to answer or otherwise respond. All Defendants have either Answered the Complaint or filed Motions to Dismiss. The failure to appear at the scheduling conference notwithstanding, Defendants

have not shown a callous disregard of their responsibilities. Rather, the record establishes that Plaintiff failed to notify Defendants of this conference, and he should not be allowed to gain a technical advantage of Defendants due to his own failure to follow this Court's Order. *See* Dock. #21. While the Court does not find Defendants' failure to appear excusable, such a failure hardly rises to the level of a willful failure to comply with Court orders, which is required for default judgment.

## III. Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion for Default Judgment [Filed June 4, 2007; Docket #59] be **denied**. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 27th day of June, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).