IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02410-WYD-MEH

CHRISTOPHER BASS,

    Plaintiff;

v.

CITY OF COLORADO SPRINGS,
COLORADO SPRINGS POLICE DEPARTMENT,
HIEN NGUYEN,
JOHN DOE 1, OFFICER TEU SQUAD,
JOHN DOE 2, OFFICER TEU SQUAD,
OFFICER LANEY,
DETECTIVE LAURA COCHRAN, and
DETECTIVE DONYA DAVIS,

    Defendants.

## RECOMMENDATION ON DEFENDANT'S RENEWED MOTION TO DISMISS

Pending before the Court is a Renewed Motion to Dismiss filed by Defendant Colorado Springs Police Department [filed July 27, 2007; Doc #86], in response to the Plaintiff's Amended Complaint [filed July 11, 2007]. The Motion has been referred to this Court for recommendation. The Court recommends that, for the reasons stated herein, the Renewed Motion be **granted**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

In response to Plaintiff's Second Amended Complaint, filed January 18, 2007 [doc #10], Defendant Colorado Springs Police Department ("CSPD") filed a Motion to Dismiss [doc #34], arguing that the CSPD is not a legal entity separate from the City of Colorado Springs, for purposes of exercising jurisdiction. The Plaintiff did not respond to the Motion. On May 11, 2007, this Court filed its Report and Recommendations on Docket #34, recommending that the motion be granted [doc #48]. Plaintiff did not object, and the recommendation is pending before the District Court.

On June 20, 2007, Plaintiff moved for leave to amend his Amended Complaint, and this Court granted the motion [doc #77], directing the Plaintiff to file a Third Amended Complaint on or before July 10, 2007. Plaintiff filed his Third Amended Complaint on July 11, 2007 [doc #84], and the within Renewed Motion to Dismiss followed.

In Plaintiff's Third Amended Complaint, he alleges a violation of 42 U.S.C. § 1983 against various Defendants, including Defendant Colorado Springs Police Department ("CSPD"). The pertinent facts with respect to the CSPD are contained in paragraph 4 of the Amended Complaint. Plaintiff avers that, on October 18, 2006 at 1910 Dublin Blvd, members of a "Teu" squad "made a warrantless entry in the home of the Plaintiff" in violation of his rights to be free from an unreasonable search and seizure. [Third Amended Complaint, ¶ 4.] In addition, Plaintiff alleges that the CSPD "attempted to justify the unlawful conduct of Doya [sic] Davis by way of misrepresentation, concealment, and deceit, by telling the Plaintiff the person in charge had the warrant and was on their way knowing Donya Davis was on the property." [*Id.*]

For all Defendants, including the CSPD, Plaintiff alleges state law claims, including "malicious prosecution, official and individually [sic] misconduct, and accessory to commit reckless endangerment." [Third Amended Complaint, ¶ 7.] Plaintiff requests, among other relief, general damages in the amount of $5 million, punitive damages in the amount of $5 million, and attorneys'

fees and costs. [*Id.* at Sec. G, ¶¶ 1, 4, 5.]

## DISCUSSION

Plaintiff did not respond to Defendant CSPD's original motion to dismiss nor to this Court's original recommendation that the CSPD be dismissed as a defendant in this matter. In fact, despite the arguments raised in both the motion and the recommendation that the CSPD is an improper defendant, Plaintiff names the CSPD once again in his third Amended Complaint.

As argued by the CSPD in its original and renewed Motions to Dismiss, the police department is a department of the City of Colorado Springs. Therefore, it is not a separate or distinct entity from the City. *See generally* Colo. Rev. Stat. § 31-30-101. Accordingly, Plaintiff's claims against the CSPD are truly claims against the City of Colorado Springs. *See Boren by and through Boren v. City of Colorado Springs*, 624 F. Supp. 474, 479 (D. Colo. 1985) (city police department "is merely a vehicle through which the government fulfills its policing functions and is not a proper defendant.").

## CONCLUSION

Accordingly, and based on the foregoing, it is hereby **recommended** that the Renewed Motion to Dismiss on Behalf of the Colorado Springs' Police Department [filed July 27, 2007; Docket #86] be **granted**, resulting in the dismissal, with prejudice, of this action against Defendant Colorado Springs Police Department.

Dated at Denver, Colorado, this 31st day of July, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge