IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-02410-WYD-MEH

CHRISTOPHER BASS,

      Plaintiff,

v.

OFFICE OF THE DISTRICT ATTORNEY;
COLORADO SPRINGS POLICE DEPARTMENT;
HIEN NGUYEN;
JOHN DOE OFFICERS TEU SQUAD 1 AND 2;
OFFICER LANEY;
DETECTIVE LAURA COCHRAN;
DETECTIVE DONYA DAVIS; and
DISTRICT ATTORNEY JOHN DOE 1 AND 2,

      Defendants.

---

**ORDER**

---

I.  <u>INTRODUCTION</u>

      THIS MATTER is before the Court on several Recommendations filed by

Magistrate Judge Hegarty and objections thereto filed by Plaintiff.  Specifically, a

Recommendation on Defendants' Motions to Dismiss was filed May 11, 2007, to which

objections were filed on May 22, 2007.  A Recommendation on Plaintiff's Motion for

Default Judgment was filed on June 27, 2007, to which objections were filed on July 10,

2007.  Finally, a Recommendation on Defendant Colorado Springs Police

Department's Renewed Motion to Dismiss was filed July 31, 2007, to which no

objections have been filed.  I address each of these Recommendations below.

II.     ANALYSIS

     A.     Recommendation on Defendants' Motions to Dismiss

     I first address the Recommendation on Defendants' Motions to Dismiss filed May

11, 2007, and objections thereto.  Magistrate Judge Hegarty recommends therein: (1)

that the District Attorney Defendants' Motion to Dismiss (docket # 30) be granted on

grounds of absolute immunity and be denied as moot on all other issues, resulting in

the dismissal with prejudice of this action against named Defendants Office of the

District Attorney for the Fourth Judicial District of Colorado and District Attorney John

Does 1 and 2; (2) the Motion to Dismiss on Behalf of the Colorado Springs' Police

Department (docket # 34) be granted as the Police Department is not a legal entity

separate from the City of Colorado Springs, resulting in the dismissal with prejudice of

Defendant Colorado Springs Police Department; and (3) Plaintiff be allowed to file a

Third Amended Complaint which more clearly identifies the Defendants he wishes to

bring suit against within 20 days of this Court's Order on this Recommendation.

     Plaintiff filed timely objections to this Recommendation on May 22, 2007.  He did

not, however, object to the dismissal of the Colorado Springs Police Department, nor to

the recommendation regarding the Third Amended Complaint.  I affirm and adopt the

Recommendation on these issues as I find the Recommendation was well reasoned

and legally sound.

     Plaintiff's only objection relates to the portion of the Recommendation which

recommends granting the District Attorney Defendants' Motion to Dismiss on grounds

of absolute immunity.  Plaintiff asserts that prosecutors are not immune for

investigatory functions, and that a function by function analysis should have been undertaken by the magistrate judge.  These objections necessitate a de novo determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive.  FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).  I affirm in part and reject in part the Recommendation on the issue of absolute immunity raised in the District Attorney Defendants' Motion to Dismiss for the reasons set forth below.

Turning to my analysis, "prosecutors are absolutely immune from suit under section 1983 concerning activities 'intimately associated with the judicial ... process,' such as initiating and pursuing criminal prosecutions.'" *Collins v. Johnson County, KS*, 56 Fed. Appx. 852, 854 (10th Cir. 2002) (quoting *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991)).  However, "the courts have long drawn a distinction between a prosecutor's actions in connection with the judicial process, which are protected by prosecutorial immunity, and those that are primarily investigative or administrative in nature and hence are not so protected from suit." *Pfeiffer*, 929 F.2d at 1490.  In doing so, courts "have recognized that absolute immunity may attach even to such administrative or investigative activities 'when these functions are necessary so that a prosecutor may fulfill his function as an officer of the court.'" *Id.* (quotation omitted).

The Tenth Circuit in Pfeiffer further explained:

In making the difficult distinction between these prosecutorial and nonprosecutorial investigative and administrative activities, 'the determinative factor is 'advocacy' because that is the prosecutor's main

> function and the one most akin to his quasi-judicial role.' . . . Thus, the
> more distant a function is from the judicial process and the initiation and
> presentation of the state's case, the less likely it is that absolute immunity
> will attach.

*Id.* (internal quotation omitted).  Even purely investigative acts are, however, accorded

qualified  "good faith" immunity.  *Id.* at 1490 n. 6.

In the case at hand, Plaintiff's Amended Prisoner Complaint (#10) was vague in

connection with the functions that the prosecutors are alleged to have performed.  He

clarified some of these functions in his objections.  To the extent his allegations can be

deemed to relate to the criminal prosecution initiated and/or pursued by the

prosecutors, I agree with Magistrate Judge Hegarty that the prosecutors are absolutely

immune.  Accordingly, that portion of the Recommendation is affirmed and adopted and

the District Attorney Defendants' Motion to Dismiss is granted as to that issue only.

I also note, however, that Plaintiff refers to some functions which could be

deemed investigative.  Indeed, the Amended Prisoner Complaint refers as a basis of

the claim against the District Attorney Defendants to the investigation that was

conducted by the District Attorneys.  The objections further clarify certain functions the

prosecutors did that could be deemed investigative.  For example, the objections

asserts that the prosecutors authorized, directed and/or conducted an illegal and non-

warranted investigation and search of Plaintiff's person, and that they prepared a false

and/or misleading affidavit that led to the violation of Plaintiff's constitutional rights.

Whether these functions could be deemed investigatory as compared to quasi-judicial

needs to be addressed on a function by function basis.  Dismissal on grounds of

absolute immunity is not appropriate without such an analysis.  Thus, I reject the

portion of the Recommendation that recommended the District Attorney Defendants'

motion to dismiss be granted in its entirety on grounds of absolute immunity.

I now address the status of the District Attorney Defendants' Motion to Dismiss

and whether to remand to the magistrate judge that portion of the motion which I found

dismissal was not appropriate as to.  I find that a remand is not appropriate as the

motion does not analyze on a function by function basis whether the prosecutors are

entitled to absolute immunity.  Accordingly, I find that the motion should be denied

without prejudice so that a new motion to dismiss can be filed that properly analyzes

the functions of the prosecutors and whether absolute immunity applies to all functions,

even those that Plaintiff argues are investigative.  The new motion should also address

the issues not considered by Magistrate Judge Hegarty, since even if absolute

immunity does not apply, the prosecutors may still be entitled to dismissal on the basis

of qualified "good faith" immunity or other grounds raised in their motion.

In conclusion, the Recommendation of May 11, 2007, is affirmed in part (as to

the recommendations to grant the Colorado Springs Police Department's motion to

dismiss, that Plaintiff be allowed to file a Third Amended Complaint, and that absolute

immunity be granted to the District Attorney Defendants to the extent Plaintiff's

allegations relate to the criminal prosecution initiated and/or pursued by the

prosecutors) and rejected in part (as to the recommendation to grant absolute immunity

in connection with all functions performed by the prosecutors).  The District Attorney

Defendants' Motion to Dismiss is granted in part and denied without prejudice in part.

-5-

### B.   Recommendation on Motion for Default Judgment

I now turn to the Recommendation on Plaintiff's Motion for Default Judgment filed June 27, 2007.  Magistrate Judge Hegarty recommends therein that Plaintiff's Motion for Default Judgment (docket # 59), which sought default judgment based on Defendants' failure to appear at a status/scheduling conference, be denied.  I have reviewed the Recommendation and the objections thereto and  affirm and adopt the Recommendation for the reasons stated below.

 As Magistrate Judge Hegarty correctly found, to obtain a default judgment a party must show that the requirements of Rule 55 are satisfied.  The requirements of Rule 55(a) were not followed by Plaintiff, as he did not first seek entry of default through the Clerk of Court.  Further, Plaintiff has not shown that a default judgment is proper as he did not show that Defendants "failed to plead or otherwise defend as provided by these rules."  FED. R. CIV. P. 55(a).  Instead, Defendants have pleaded or appeared through the filing of answers to the complaint or motions to dismiss.

Finally, I note that the failure to appear at a scheduling conference is not grounds to enter a default judgment.  Further, defense counsel represented as officers of the court that they did not receive notice of the conference, and counsel did ultimately appear at the conference, albeit late.  I agree with the magistrate judge that Defendants' failure to appear does not arise to the level of a willful failure to comply with court orders that might be sanctionable.  Accordingly, the Recommendation on Plaintiff's Motion for Default Judgment is affirmed and the objections are overruled.

C.     Recommendation on Colorado Springs Police Department's Renewed
       Motion to Dismiss

Finally, I turn to the most recent Recommendation of Magistrate Judge Hegarty,

filed July 31, 2007.  That Recommendation addresses the Renewed Motion to Dismiss

filed by Defendant Colorado Springs Police Department ("CSPD") (# 86) in response to

the Amended Complaint filed July 11, 2007.  Magistrate Judge Hegarty notes that

despite the earlier Recommendation to dismiss CSPD, Plaintiff named CSPD as a

defendant in his latest amended complaint.  He further notes that the police department

is a department of the City of Colorado Springs and is thus not a separate or distinct

entity.  As claims against the CSPD are truly claims against the City of Colorado

Springs, it is recommended that CSPD be dismissed with prejudice.

No objections were filed to this Recommendation.  No objections having been

filed, I am vested with discretion to review the Recommendation "under any standard [I]

deem[] appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see*

*also Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Nonetheless, though not required to do

so, I review the Recommendation to "satisfy [my]self that there is no clear error on the

face of the record."[1]  *See* FED. R. CIV. P. 72(b) Advisory Committee Notes.  Having

reviewed the Recommendation, I am satisfied that there is no clear error on the face of

the record.  Accordingly, I affirm and adopt the Recommendation of July 31, 2007, and

grant CSPD's Renewed Motion to Dismiss.

---

[1]  Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a de novo review, FED. R. CIV. P. 72(b).

III.   <u>CONCLUSION</u>

Based on the foregoing, it is

ORDERED that the Recommendation on Defendants' Motions to Dismiss filed May 11, 2007 (docket # 48) is **AFFIRMED IN PART AND REJECTED IN PART** As set forth above.  In accordance therewith, it is

ORDERED that Defendants' Motion to Dismiss filed March 19, 2007 (docket # 30) is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART** consistent with this Order.  The Motion to Dismiss on Behalf of the Colorado Springs' Police Department filed March 22, 2007 (docket # 34) is **GRANTED**.  It is

FURTHER ORDERED that the Recommendation on Plaintiff's Motion for Default Judgment filed June 27, 2007 (docket # 75) is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that Plaintiff's Motion for Default Judgment (docket # 59) is **DENIED** and the "Objection to Order" filed July 10, 2007 (docket # 83) is **OVERRULED**.  It is

FURTHER ORDERED that the Recommendation on Defendant's Renewed Motion to Dismiss filed July 31, 2007(docket # 88) is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that the Motion to Renew Defendant's Motion to Dismiss on Behalf of the Colorado Springs Police Department (docket # 86) is **GRANTED** and the Colorado Springs Police Department is **DISMISSED WITH PREJUDICE**.

Dated:  September 27, 2007

                              BY THE COURT:

                              s/ Wiley Y. Daniel
                              Wiley Y. Daniel
                              U. S. District Judge